### Hoskins v. Jackson

(Decided November 6, 1913).

Appeal from Knox Circuit Court.

1. Verdict—Appeal.—The mere fact that it appears to appellant that the verdict is too large is not ground for reversal.

2. Instructions.—Where the record does not show that appellant offered any instructions there is nothing to consider upon the complaint that the trial court erred in refusing to give instructions offered by him.

DISHMAN, TINSLEY & DISHMAN for appellant.

J. M. ROBSION for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant instituted this action in equity to collect a $231.00 debt against appellee, and to enforce a chattel mortgage given to secure its payment.

The appellee answered with a set-off and counter-claim charging that Hoskins was indebted to him in the sum of $1,659 for work done upon contract in the way of removing logs from Hoskins' timber land, and tramming them to his mill, and for other work, etc., done at Hoskins' special instance and request, and for which he promised to pay. Jackson admits that he owed accounts at Hoskins' store aggregating $750, but Hoskins claims they amounted to $1,066.

Without objection, the cause was transferred to the ordinary docket, and a mass of evidence heard, pro and con, and the jury returned a verdict in favor of appellee, Jackson, for $550 subject to a credit of $231, the amount of the mortgage debt sued on. Hoskins appeals, and the grounds upon which he wishes the verdict and judgment set aside, as stated in his motion for a new trial, are the five following, and will be considered in their order.

1. "That the jury erred in assessment of the amount of recovery in favor of the defendant, the same being too large." It will be noticed he does not say the verdict was excessive, or that it appears to have been given under the influence of passion or prejudice. The mere fact that it appears to appellant as being too large is not a ground for reversal, particularly where the size of the judgment is the only error assigned. The measure of recovery under the court's instruction is not seriously criticised.

2. "The verdict is not sustained by sufficient, or any evidence, and is contrary to law." It seems that his real objection is that the jury did not accept his evidence as true, but on the contrary accepted the evidence offered by appellee, Jackson, and rendered a verdict thereon. As a matter of fact, the appellee's evidence to sustain his claim was abundant, if not preponderating, while the evidence of Hoskins, and his witnesses, was not at all satisfying. For the purposes of this case it is not necessary to go into a detailed discussion of the evidence, and it would be of less profit to the appellant if we did. His treatment of the appellee, and his conduct throughout is, to say the least, not commendable. Considering further his charge that the verdict is not sustained by any evidence, we quote the following from his brief.

"The jury in order to render a verdict for Jackson had to, and did disregard the book account of Hoskins, and accepted as true the verbal statement of Jackson in every particular as to amount of timber gotten out by him, and the extra service and men furnished, and also his statement as to the amount that had been paid to him by Hoskins."

It will be seen, appellant admits, that there was a conflict in the testimony, and that there was *some* evidence to sustain the verdict, and in view of that fact, it

was the right of the jury to settle the issue, and they were qualified better than this court to do so since they heard the witnesses testify, perhaps were personally acquainted with them, and could best judge of their credibility.

3. "The court erred in giving, on its own motion, instruction 2, and which was excepted to by the plaintiff at the time." This instruction permitted nine, or more, of the jury to sign and return a verdict in the event the twelve could not agree. The appellant does not show the impropriety of this instruction, and we are unable to discover it.

4. "The court erred in refusing to give instructions No. 1, 2 and 3 offered by the plaintiff; which ruling of the court was excepted to at the time by the plaintiff." The record does not show, however, that he offered any.

5. "The court erred in admitting incompetent evidence introduced by the defendant, and objected to and excepted to at the time by the plaintiff." Our attention has not been called to any error of this kind. One of his witnesses on cross-examination admitted that the had been guilty of forgery. The nature of this inquiry was improper, but appellant did not object to it, and hence we cannot consider it.

We, therefore, affirm the judgment.